Richard Dee Thompson, pro se, Oakdale, LA, for Defendant–Appellant.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Richard Dee Thompson, federal prisoner # 55709–080, appeals the district court's denial of his motion for reconsideration of the denial of his motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court summarily denied the motion in an order entered on January 6, 2003. Thompson filed his motion for reconsideration on February 11, 2003. *See Spotville v. Cain,* 149 F.3d 374, 376–78 (5th Cir.1998) (*pro se* prisoner pleadings are deemed filed on date that they are placed in the prison mail system for mailing).

A motion for reconsideration in a criminal proceeding is a legitimate procedural device. *United States v. Cook,* 670 F.2d 46, 48 (5th Cir.1982). Such a motion is timely if it is filed within the period allotted for noticing an appeal, in this case, within ten days of the district court's order denying the § 3582(c)(2) motion. *See United States v. Brewer,* 60 F.3d 1142, 1143–44 (5th Cir.1995); Fed. R.App. P. 4(b).

Thompson's motion for reconsideration was filed 36 days after entry of the order denying the § 3582(c)(2) motion. The motion was therefore untimely, and the district court was without jurisdiction to entertain it. *See United States v. Miramontez,* 995 F.2d 56, 58 n. 2 (5th Cir. 1993); *Cook,* 670 F.2d at 48. Although

the district court did not indicate whether it denied the motion on its merits or for lack of jurisdiction, the denial of the motion is AFFIRMED on jurisdictional grounds. *See United States v. Early,* 27 F.3d 140, 142 (5th Cir.1994).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio GALARZA–GALVAN,**
**Defendant–Appellant.**

**No. 03–50449.**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

---

**24**

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Antonio Galarza–Galvan appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Galarza–Galvan complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b) based on a prior conviction. He argues that the sentencing provision is unconstitutional. Galarza–Galvan thus contends that his sentence should not exceed the maximum terms of imprisonment prescribed in 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Galarza–Galvan acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.